# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS B. REGALADO, <br><br> Petitioner, <br><br> v. <br><br> J.W. SULLIVAN, <br><br> Respondent. | Case No. CV 18-10166-JAK (AFM) <br><br> **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

On December 6, 2018, petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

As pleaded, the petition fails to satisfy Rule 2(c) of the Rules Governing Section 2254 Cases, which requires that a petition for a writ of habeas corpus "specify all the grounds for relief which are available to the petitioner" and "state the facts supporting each ground." The petition, however, fails to set forth any grounds for relief. Instead, the space reserved for grounds for relief remains blank. Furthermore, and somewhat confusingly, Petitioner has indicated that the non-existent grounds for relief have not been raised in any petition filed in the California Supreme Court and, therefore, have not been exhausted. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (to satisfy exhaustion

requirement, petitioner must present the legal and factual basis for his claims to the highest state court).

Where a petition includes both exhausted and unexhausted claims, it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). In limited circumstance, a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claim. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court").[1] Pursuant to *Rhines*, a petitioner may be entitled to a stay while he exhausts his state remedies if: (a) the petitioner shows good cause for his failure to exhaust his claims first in state court; (b) the unexhausted claims not be "plainly meritless"; and (c) the petitioner has not have engaged in "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 277-278.

For the foregoing reasons, the petition is dismissed with leave to amend. **Accordingly, if Petitioner still desires to pursue this action, he is ORDERED to file a First Amended Petition on the forms provided by the Clerk within thirty (30) days of the date of this Order.** The clerk is directed to send Petitioner a blank Central District § 2254 habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," be filled out completely, and be signed and dated. The First Amended Petition must include the specific legal and factual basis for each of Petitioner's claims for relief, as well as indicate whether each of those claims has been presented to the California Supreme Court. The First Amended Petition may include an attachment that is limited to 25 pages. If Petitioner seeks to file an attachment in excess of this page limitation, he must request permission to do so

---

[1] The Ninth Circuit has held that *Rhines* also applies to petitions that contains only unexhausted claims. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

from the Court in advance.

If Petitioner seeks to raise any unexhausted claim in the First Amended Petition and believes that he can make the requisite showing for a stay of this action, then he may file, concurrently with his First Amended Petition, a separate motion to hold the First Amended Petition in abeyance while he returns to state court to exhaust his state court remedies with respect to his unexhausted claim(s).

**Petitioner is cautioned that failure to timely file a First Amended Petition in compliance with this Order may result in dismissal of this action.**

DATED: 12/12/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: CV-69